IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COURTENY ROMERIZ ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-27-WHA-CSC |
| | ) | [WO] |
| JOY BOOTH, DISTRICT JUDGE: | ) | |
| AUTAUGA COUNTY, STATE OF | ) | |
| ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Courtney Rogers ["Rogers"], an inmate incarcerated at the Autauga Metro Jail in Prattville, Alabama, files this *pros se* 42 U.S.C. § 1983 action for injunctive relief against Judge Joy Booth. Rogers alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged by the conduct and actions of Defendant Booth in his pending state court criminal proceedings before the Circuit Court for Autauga County, Alabama. Upon review, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Rogers' request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  STANDARD OF REVIEW

Because Rogers is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possess[ing] enough heft to show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

Rogers was arrested on September 21, 2020, on a revoked bond because he failed to appear for a drug test which was part of a court referral program. Rogers maintains, however, that he never entered into a plea agreement which required him to report to a referral program. After being arrested and placed in jail, Judge Booth ordered Rogers to take a drug test. The results, Rogers claims, were negative. Nonetheless, Rogers contends he remained in jail for 128 days without his bond being reinstated despite the absence of any new charges being imposed after his arrest. Rogers further complains that Judge Booth does not respond to his motions including a request he filed on October 23, 2020, to reinstate his bond. Rogers requests recusal of Judge Booth, reinstatement of his bond, return of bond he made in several of his other district court criminal cases, and a hearing on his request to return bond. Doc. 1 at 2–4; Doc. 1-1 at 1.

**A.     Judge Booth**

    **1.  Declaratory and Injunctive Relief**

        **a.  Non-Final Orders**. Rogers' allegations against Judge Booth concern rulings or decisions she made in her judicial capacity during state court criminal proceedings over which she had jurisdiction. To the extent Rogers seeks relief from adverse decisions issued by Judge Booth which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (holding that "[i]n order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Rogers could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an

adequate remedy for Rogers to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

      **b**.    **Final Orders**.    Regarding claims presented by Rogers challenging the constitutionality of orders issued by Judge Booth which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Rogers from proceeding before this court as this case, regarding any claims challenging final orders issued by a state court, is " 'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'   544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the request for relief from final actions undertaken by Judge Booth during proceedings related to Rogers's state court criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *Neitzke*, 490 U.S. at 327.

**B.     Pending Charges**

Rogers seeks intervention by this court into criminal proceedings ongoing before the Circuit Court for Autauga County, Alabama. Under well-settled federal law, this court must refrain from issuing such relief.

In *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. 401 U.S. at 43–45. "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when state judicial proceedings are pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional

challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention is present. First, Rogers is awaiting prosecution on criminal charges before the Circuit Court for Autauga County, Alabama. Second, enforcement of the law is an important state interest. Finally, Rogers may raise his claims in the pending state court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, petition the Alabama Court of Criminal Appeals for review of any adverse decision. In addition, if Rogers is convicted of the offenses lodged against him, he may present his claims on direct appeal before the state appellate courts or in a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Although exceptions to *Younger* abstention are permitted where (1) irreparable injury because of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief, *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), Rogers presents no credible basis to warrant application of these exceptions. The mere fact he must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Consequently, Rogers's claims are due to be summarily dismissed since equity, comity and federalism concerns require the court to abstain from considering them.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims against Defendant Joy Booth be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's request for declaratory and injunctive relief, which entails intervention by this court into the pending state court criminal proceedings, be DISMISSED without prejudice under the *Younger* abstention doctrine;

3. This complaint be DISMISSED prior to service of process.

It is

ORDERED that **on or before March 10, 2021**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 24th day of February 2021.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE