IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| COURTNEY ROMERIZ ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:21cv27-MHT |
| | ) | (WO) |
| JOY BOOTH, DISTRICT JUDGE: | ) | |
| AUTUGA COUNTY, STATE OF | ) | |
| ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This case is before the court on remand from the
Eleventh Circuit Court of Appeals.  On September 8,
2021, the Eleventh Circuit remanded this action to the
district court with the following instructions:

> "This appeal is REMANDED, *sua sponte*, to the
> district court for the limited purpose of
> determining whether Appellant Courtney Rogers
> merits reopening of the appeal period under
> Federal Rule of Appellate Procedure 4(a)(6).
> Mr. Rogers's notice of appeal, filed on July
> 11, 2021, is untimely to appeal from the
> district court's March 17, 2021 order
> dismissing the case with prejudice. *See* 28
> U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A),
> (c)(1); *Green v. Drug Enf't Admin.*, 606 F.3d
> 1296, 1300-01 (11th Cir. 2010); *see also*

>*Daniels v. United States*, 809 F.3d 588, 589
>(11th Cir. 2015).
>
>"However, in his notice of appeal, Mr. Rogers
>seemingly indicates that he did not receive
>timely notice of the March 17, 2021, order and
>directly invokes Rule 4(a)(6). Thus, there is a
>question as to whether the appeal period should
>be reopened under Fed. R. App. P. 4(a)(6). *See*
>Fed. R. App. P. 4(a)(6); *Sanders v. United
>States*, 113 F.3d 184, 186-87, 186 n.2 (11th
>Cir. 1997)."

11th Circuit Remand Order (Doc. 13).  For the reasons
below, the court finds that reopening the period for
appeal is not merited.

### I.

Review of the record reflects that on February 24,
2021, the United States Magistrate Judge entered a
recommendation that this action be dismissed prior to
service of the complaint.  *See* Recommendation (Doc. 4).
The court directed the parties to file objections to
the recommendation by March 10, 2021.  *See id.* at 8.
No objections were filed.  On March 17, 2021, the court
entered an order adopting the magistrate judge's
recommendation, followed by a final judgment dismissing

2

this action.  *See* Order (Doc. 5); Final Judgment (Doc. 6).

On July 16, 2021, the court docketed plaintiff's notice of appeal from the March 17, 2021, final judgment.  *See* Notice of Appeal (Doc. 9).  Under the prison mailbox rule, plaintiff's notice of appeal is deemed filed on the date he delivered it to prison authorities for mailing--presumptively July 11, 2021, the day he signed it.  *See Bonilla v. U.S. Dep't of Justice*, 535 F. App'x 891, 893 (11th Cir. 2013) (per curiam) (noting that "for purposes of Federal Rule of Appellate Procedure 4(a)(1), a *pro se* prisoner's notice of appeal is 'filed' on the date that the prisoner delivers the notice to prison authorities, rather than the date on which the court clerk receives the notice" (citing *Houston v. Lack*, 487 U.S. 266, 270–73 (1988))); (Doc. 9-1) at 1 (dated cover letter included with notice of appeal).

3

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The timely filing of a notice of appeal is both "mandatory and jurisdictional." *Pinion v. Dow Chemical, U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991) (citations omitted). Under Rule 4(a)(5), a federal district court is authorized to extend the time to file a notice of appeal "if ... a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)–(ii).

As the final judgment was entered on March 17, 2021, the deadline for plaintiff to file his notice of appeal under Rule(4)(a)(1) was April 16, 2021. Plaintiff filed his notice of appeal on July 11, 2021--well outside of Rule 4(a)(5)'s 30-day period for

moving for an extension of time to file a notice of appeal. Because plaintiff's notice of appeal was filed outside of the 30-day period for moving for an extension of time to appeal the judgment, the court determined that he had not met the time limits in Rule 4(a)(5), and, thus, the court could not grant an extension irrespective of any good cause or excusable neglect. *See* Order (Doc. 10); *see also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1114–15 (11th Cir. 1993) (holding that appellant who failed to meet both the 30-day deadline for timely notice of appeal and the second 30-day deadline for filing a motion for extension of time was not entitled to initiate the "excusable neglect or good cause" inquiry of Rule 4(a)(5) and district court "had no choice but to deny his motion").

## II.

The court construes plaintiff's notice of appeal as a motion to reopen the time for appeal under Federal

Rule of Appellate Procedure 4(a)(6).  *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (per curiam) (holding that "when a *pro se* appellant alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within twenty-one days of its entry, we must treat his notice as a Rule 4(a)(6) motion and remand to the district court for a determination of whether the appellant merits an extension under that rule").  Rule 4(a)(6) authorizes a district court to reopen the time to file an appeal, but only if the following conditions are satisfied:

"(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

"(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

"(C) the court finds that no party would be prejudiced."[1]

Fed. R. App. P. 4(a)(6).  Even if all three conditions are met, the court has discretion to decide whether to reopen the time to appeal.  *See* Fed. R. App. P. 4(a)(6) (stating that a court "may" reopen the time to appeal if the above conditions are met).

The record in this matter affirmatively shows that copies of the March 17, 2021, order and final judgment were mailed to plaintiff at his last known mailing address, which at the time was the Autauga Metro Jail in Prattville, Alabama.  The record further shows that, on March 29, 2021, plaintiff's copies of the order and final judgment were returned to the court with the

---

1. Federal Rule of Civil Procedure 77(d) provides that "the clerk must serve notice of the entry [of an order or judgment], as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1).  Rule 5(b) provides that "[a] paper is served under this rule by ... mailing it to the person's last known address--in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C).

following USPS notation: "Return to Sender; Refused; Unable to Forward; Inmate No Longer at this Facility."

As noted earlier, plaintiff filed his notice of appeal on July 11, 2021. In the notice, plaintiff states that he "never received the Order and Final Judgment" in this case. Notice of Appeal (Doc. 9) at 1.[2] On or about the same day, plaintiff filed a motion for copies of the order and final judgment.[3] *See* Mot. for Copies (Doc. 7). The envelope containing the motion listed plaintiff's return address as the address of the Autauga Metro Jail. *Id.* at 2. Plaintiff stated in the motion, however, that "when said order and final judgment w[ere] delivered to Autauga County Metro Jail on or about March 17, 2021[,] aforementioned jail

---

2. He further states he has retained the "same permanent physical address for over a decade and to date. ... [P]er Rule Fed. R. App. P[.] 4(a)(6) Plaintiff has a right to file Appeal since his residence was moved from well-known physical address ... to the Autauga County Metro Jail." *Id*.

3. The envelope containing the motion is postmarked July 12, 2021. *See* Motion for Copies (Doc. 7) at 2.

released said detainee Rogers just prior to receipt of Order and Final Judgment." *Id.* at 1. Plaintiff further stated in the motion that, when he "was released on or about March 15, 2021," the county jail had his "physical address" in Prattville,[4] and that "[t]o date, it is still not understood [by plaintiff] why the Autauga County Metro Jail does not utilize this long held address information, except to take physical custody of Plaintiff." *Id.* Plaintiff then requested that copies of the final order and final judgment be delivered to him at the Autauga Metro Jail. *Id.* On July 15, 2021, the court granted the motion and directed the clerk of court to mail copies of the March 17 order and final judgment to plaintiff at the Autauga Metro Jail. *See* Order on Mot. (Doc. 8). The court assumes he received those copies on or after July 16, 2021.

---

4. Plaintiff provided his permanent physical street address in Prattville, Alabama, in his filing. *See* Motion for Copies (Doc. 7) at 1.

9

Based on these facts, plaintiff satisfies the requirements to reopen the time to appeal under Fed. R. App. P. 4(a)(6). As explained above, in order to reopen the time for filing an appeal under Federal Rule of Appellate Procedure 4(a)(6), the court must find, first, that the moving party did not receive official notice from the clerk of court of the entry of the judgment within 21 days after entry. *See* Fed. R. App. P. 4(a)(6)(A). Here, the record makes clear that plaintiff did not receive official notice of the judgment within 21 days after entry because his service copy was returned by the post office to the court. Indeed, he did not receive official notice of the judgment until July 16, 2021, at the earliest, when he received the copies of the order and judgment the court ordered mailed to him in response to his motion for copies. *See* Order on Mot. (Doc. 8).

Second, the court must find that the motion to reopen was filed within 180 days after the entry of

10

judgment or within 14 days after the moving party received notice of the judgment's entry from the clerk of court under Federal Rule of Civil Procedure 77(d), whichever is earlier. *See* Fed. R. App. P. 4(a)(6)(B). The notice of appeal, construed as a motion to reopen, was filed on July 11, 2021--less than 180 days after the March 17 entry of judgment and prior to the date plaintiff received notice of the judgment's entry from the clerk of the court under Federal Rule of Civil Procedure 77(d). Thus, plaintiff meets the requirement set forth in Federal Rule of Appellate Procedure 4(a)(6)(B).

Finally, plaintiff also meets the requirement set forth in Federal Rule of Appellate Procedure 4(a)(6)(C)--that no party would be prejudiced by reopening the time to file an appeal. This case was summarily dismissed prior to service of process, so there is no prejudice to the defendant, who has not had to respond in this case previously.

11

Nonetheless, the court exercises its discretion to decline to reopen the time for appeal. The court finds, based on plaintiff's statements in both his motion for copies and his notice of appeal, that his delayed receipt of the order and final judgment resulted from his own lack of diligence in the prosecution of this action stemming from his failure to provide the court with his current service address after his release from the Autauga Metro Jail, which--based on plaintiff's representation--occurred on March 15, 2021. *See* Mot. for Copies (Doc. 7) at 1. By order entered February 23, 2021, the court informed plaintiff that it was his responsibility to notify the court immediately of any change in his address and that failure to file a change of address within 10 days could result in dismissal of the case. *See* Order on Mot. (Doc. 3) at 2. The docket reflects plaintiff received a copy of the February 23, 2021, order. The docket further reflects that the court mailed

12

plaintiff's copies of the March 17, 2021, order and final judgment to the Autauga Metro Jail, plaintiff's last service address of record.  Plaintiff's assertion that he has the right to appeal because he believed that officials at the Autauga Metro Jail were under a duty to forward his mail to his permanent physical address following his release is unavailing.  *See* Notice of Appeal (Doc. 9) at 1.

The court finds that the delay in plaintiff's receipt of the order and final judgment entered in this case is attributable solely to his failure to provide a proper service address following his release from the Autauga Metro Jail, a requirement that he was made aware of upon initiation of this action.  *See* Order (Doc. 3).  The docket reflects plaintiff provided no alternate mailing address to the court between his release from jail on March 15, 2021, and the filing of his motion for copies of the order and final judgment in July 2021--almost four months later.  To engage in

13

the proper prosecution of this case, plaintiff had the sole responsibility of maintaining a current service address of record in this matter.

Under these circumstances, the court, in its discretion, concludes that re-opening of the appeal period under Fed. R. App. P. 4(a)(6) is not merited, as plaintiff has failed to carry his burden of demonstrating his delayed receipt of the order and final judgment in this case is attributable to anything other than his own failure to comply with the requirement of this court that he maintain a current service address of record during the pendency of these proceedings.

***

Accordingly, pursuant to the directive of the Eleventh Circuit Court of Appeals remanding this case, the court FINDS that reopening of the appeal period under Federal Rule of Appellate Procedure 4(a)(6) is not merited.

**14**

Accordingly, it is ORDERED that plaintiff Courtney Romeriz Rogers's notice of appeal (Doc. 9) is treated as a motion to reopen the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6), and said motion is denied.

The clerk of court is DIRECTED to return this case, as supplemented, to the Eleventh Circuit Court of Appeals for further proceedings.

DONE, this the 19th day of October, 2021.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE

15